## Commonwealth v. Michael

*Christy H. Fawcett, assistant district attorney,* for the Commonwealth.

*Bruce P. Blocher,* for defendant.

MILLER, *J.,* July 1, 1994—This matter is before the court upon defendant's petition for a change of venue/venire. For the reasons set forth herein we grant a change of venue and will request the Supreme Court of Pennsylvania to designate a county from which a jury panel will be chosen to try the case.

The defendant is charged with criminal homicide in the death of Trista Eng, a 16-year-old girl whose body was found in Northern York County more than a month after she disappeared on July 12, 1993. The defendant was charged after the police were advised by his brother that the defendant had admitted to him that he, the defendant, had committed the crime. At the time of the alleged confession, the defendant was incarcerated in the Lancaster County Prison on an unrelated rape charge. Thereafter, in November of 1993, the defendant escaped from the Lancaster County Prison by assuming the identity of his cellmate. He remained at large until March 26, 1994, when he was apprehended in New

Orleans, Louisiana, and was returned to the York County Prison.

The basis for the request for a change of venire is the extensive pre-trial publicity attendant to this case. The defendant has introduced into evidence copies of approximately 40 newspaper articles in the local daily newspapers together with a video record of a significant number of television news reports concerning the case as shown on WHTM-TV Harrisburg (Channel 27). The court, of its own knowledge, is aware that similar news stories were carried frequently by WGAL-TV Lancaster (Channel 8). We believe that other local television channels also extensively covered the case.

The Pennsylvania Supreme Court has formulated guidelines to determine whether or not a change of venue/venire is appropriate in an individual case. It is important to note, of course, that the determination of this issue must depend upon the facts and circumstances of the individual case. The grant or denial of a change of venue/venire is a matter within the sound discretion of the trial court and its exercise will not be disturbed by an appellate court in the absence of an abuse of discretion. *Commonwealth v. Faulkner,* 528 Pa. 57, 595 A.2d 28 (1991); *Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986).

Our Supreme Court, in the recent case of *Commonwealth v. Gorby,* 527 Pa. 98, 588 A.2d 902 (1991), cited with approval the factors set forth in *Commonwealth v. Casper,* 481 Pa. 143, 392 A.2d 287 (1978). Those factors which the court should consider are:

"Whether the pre-trial publicity was, on the one hand, factual and objective, or, on the other hand, consisted

of sensational, inflammatory, and 'slanted articles demanding conviction;' ... whether the pre-trial publicity revealed the existence of the accused's prior criminal record; whether it referred to confessions, admissions or reenactments of the crime by the defendant; and whether such information is the product of reports by the police and prosecutorial officers." *Casper, supra* at 152-53, 392 A.2d at 292. (citation omitted) (footnotes omitted)

Other factors to be considered are whether the pre-trial publicity is pervasive and whether a cooling off period between the publicity and the commencement of trial has taken place.

This case presents most unusual circumstances. We are satisfied that the pre-trial publicity was factual and objective. While there were references to the confession of the defendant, this information was not the product of the police or prosecutorial officers, all of whom have acted in a most responsible and professional manner. Rather, the publicity concerning the defendant's confession was obtained from the affidavit of probable cause for the defendant's arrest, together with the testimony of the defendant's brother at the preliminary hearing. There is no question that the publicity has been pervasive, for the reason that the homicide and the later escape by the defendant are newsworthy items.

The complicating features of the issue presented to the court are the circumstances of the defendant's escape from the Lancaster County Prison and the reason for his incarceration in that facility. At the time of the defendant's escape from the Lancaster County Prison, he was held there on an unrelated rape charge arising out of Lancaster County. In nearly every news release, that factor was included. This is not unusual, since

it serves to explain why the defendant had been incarcerated in the Lancaster County Prison. It does, however, serve to implant that piece of extraneous information into the minds of all of the people in the affected area, that being York County. In addition, the vast majority of the pre-trial publicity in this case has surrounded the defendant's escape from the Lancaster County Prison. While it would appear that the defendant's escape and subsequent flight would be admissible in the homicide trial, the facts and circumstances surrounding the escape and flight of the defendant, together with the reason for his incarceration in the Lancaster County Prison in the first place, might well make it difficult for a jury, exposed to the pre-trial publicity, to separate the various crimes.

We are reluctant to expose the taxpayers of York County to the additional expense of bringing a jury panel in from another part of this state. We have the greatest confidence that an impartial jury could be impaneled from the citizens of York County. However, we are constrained by our reading of the opinions of our appellate courts to exercise the greatest caution in assuring that a fair and impartial jury is chosen. It is, of course, the court's responsibility to assure that the defendant obtains a fair trial. Out of an abundance of caution, we have concluded that the safest course of action would be to change venire, and accordingly, we enter the following order.

## ORDER

And now, to wit, July 1, 1994, we direct that the defendant's petition for a change of venire is granted. This order shall be certified forthwith to the Supreme Court of Pennsylvania.